UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-01162-JRS-DML ) |
| INTEGRITY WHOLESALE FURNITURE, LLC, | ) ) ) ) |
| Defendant. | ) |

**Entry Denying Defendant's Motion to Dismiss**

Defendant Integrity Wholesale Furniture, LLC moves to dismiss this copyright infringement case for lack of personal jurisdiction. (Def.'s Mot. Dismiss 1, ECF No. 61.) Plaintiff responds that Defendant waived its personal-jurisdiction defense. (Pl.'s Resp. 1–3, ECF No. 66.)

The requirement that a court have personal jurisdiction "represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty. . . . Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702–703 (1982). "The expression of legal rights is often subject to certain procedural rules: The failure to follow those rules may well result in a curtailment of the rights. Thus, the failure to enter a timely objection to personal jurisdiction constitutes, under Rule 12(h)(1), a waiver of the objection." *Id.* at 705. Even where a defendant does not waive the defense under Rule

1

12(h)(1), the defense "may be waived if a defendant gives a plaintiff a reasonable expectation that he will defend the suit on the merits or where he causes the court to go to some effort that would be wasted if personal jurisdiction is subsequently found lacking." *Hedeen Int'l, LLC v. Zing Toys, Inc.*, 811 F.3d 904, 906 (7th Cir. 2016).

A party must raise a challenge to personal jurisdiction in its first responsive pleading or by motion, whichever comes first. *See id.* ("the motion cannot occur after such a responsive pleading is filed"); *id.* ("a party waives a defense [of lack of personal jurisdiction] by omitting it from its first motion"). Two months after service of process, rather than filing a responsive pleading, Defendant filed a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). (ECF No. 23.) But the substance of the motion did not implicate the Court's subject-matter jurisdiction; Defendant presented various matters outside the pleadings and argued that Plaintiff should be judicially estopped from asserting ownership of the copyright at issue. The Court converted that motion to dismiss to a motion for summary judgment, (ECF No. 32), which the Court subsequently denied, (ECF No. 54). Defendant now makes its second motion under Rule 12, this time seeking dismissal for lack of personal jurisdiction under Rule 12(b)(2).

"Pursuant to Rule 12(h)(1), a party must include a defense of [lack of personal jurisdiction] in its first Rule 12 motion or the defense is waived." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1399 (7th Cir. 1993); *see also* Fed. R. Civ. P. 12(h)(1)(A); *id.* 12(g)(2); *id.* 12(b)(2). Defendant's first Rule 12 motion—its purported motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1)—did not

2

raise any objection to personal jurisdiction, so Defendant has waived that defense. *See PropertyThree Tech. Grp., Inc. v. Apartment Hunters, Inc.*, 1:07-cv-356-RLY-JMS, 2008 WL 11374380, at *8 (S.D. Ind. May 20, 2008). Moreover, the substance of that motion (contesting Plaintiff's ownership of the copyright via judicial estoppel) and Defendant's representations in its supplemental brief (that if its "motion for summary judgment [were] granted, [its motion to dismiss for lack of personal jurisdiction] should be denied as moot," ECF No. 35) and in its subsequent motion to stay (that a stay was warranted due to the potentially preclusive effect of judgment in another case on the ownership issue) suggest that Defendant was "testing the wind" to see whether a favorable judgment on the merits was in the offing before pressing its objection to personal jurisdiction. *See Am. Patriot Ins. Agency, Inc. v. Mutual Risk Mgmt., Ltd.*, 364 F.3d 884, 888 (7th Cir. 2004). These filings also gave Plaintiff a reasonable expectation that Defendant would defend the suit on the merits. *See Hedeen Int'l, LLC*, 811 F.3d at 906.

Accordingly, Defendant's motion to dismiss for lack of personal jurisdiction (ECF No. 61) is **denied**.

**SO ORDERED.**

Date: 12/3/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

Maura K. Kennedy
THE LAW OFFICE OF MAURA K. KENNEDY, LLC
attorneymaurakennedy@gmail.com

Connor Harris Nolan
HARRIS WELSH & LUKMANN
cnolan@hwllaw.com

Charles F.G. Parkinson
HARRIS WELSH & LUKMANN
cparkinson@hwllaw.com