UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-01162-JRS-DML |
| | ) |
| INTEGRITY WHOLESALE FURNITURE, LLC, | ) |
| | ) |
| Defendant. | ) |

**Order on Defendant's Motion for Summary Judgment**

Plaintiff Richard Bell sued Defendant Integrity Wholesale Furniture, LLC ("Integrity") for copyright infringement, in alleged violation of 17 U.S.C. § 106. This case arises from Integrity's alleged misappropriation of a photo that Bell took and is the latest installment of dozens of similar lawsuits instigated by Bell. Integrity moves for summary judgment, (ECF No. 81), which the Court grants for the reasons below.

## I.  Background

In 2000, Bell took a daytime photo of the Indianapolis Skyline ("Photo"). (ECF No. 86-1; Bell. Decl. ¶ 2, ECF No. 86-10.[1]) Between 2011 and 2019, Bell filed dozens

---

[1] Integrity's objection to the Bell Declaration on personal-knowledge grounds is overruled. Federal Rule of Civil Procedure 56(c)(4) states that "an affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge . . . ." That Bell only swore that his statements were "true and correct to the best of his knowledge" does not make his declaration inadmissible. Although this phrasing is perhaps not best practice, courts have never applied Rule 56(c)(4) formalistically, requiring some recitation of specific words to establish personal knowledge. *Cf. Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992). Because the contents of Bell's declaration indicate that it was indeed grounded in personal knowledge, the Court is satisfied that it complies with Rule 56(c)(4).

of copyright infringement suits in this district, all arising from the defendants' alleged publication of the Photo or its nighttime variant (not at issue here). *See, e.g., Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1077 (7th Cir. 2018) ("Bell has prosecuted dozens of similar copyright lawsuits before"). Bell's modus operandi is using reverse-image searches—a technique by which a user can upload a photo to an online program to find that photo as it is used in other contexts, if any—to find putative copyright infringers of the Photo.

This is one of those cases. Bell used a reverse-image search on Google Images, Tineye, and Internet Archive to find the Photo being stored on Integrity's web server. (Bell Decl. ¶ 5, ECF No. 86-10.) After Integrity refused to accede to a demand for settlement, Bell sued Integrity for copyright infringement, in alleged violation of 17 U.S.C. § 106. Integrity moves for summary judgment. (ECF No. 81.)

## II.   Legal Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of production. *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). That initial burden consists of either "(1) showing that there is an absence of evidence supporting an essential element of the non-moving party's claim; or (2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (citing *Modrowski*, 712 F.3d at 1169). If the movant discharges its initial burden, the burden shifts to the

non-moving party, who must present evidence sufficient to establish a genuine issue of material fact on all essential elements of his case. *See Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 702 (7th Cir. 2009). The Court must construe all facts and any reasonable inferences arising from them in favor of the non-movant. *See Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017) (citation omitted).

### III.   Discussion

To establish copyright infringement, Bell must prove (1) his ownership of a valid copyright and (2) Integrity's "copying of constituent elements of the work that are original." *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007).

Integrity moves for summary judgment on three grounds. First, Integrity claims that Bell released it from liability as part of a settlement agreement between Bell and the National Association of Realtors. Second, Integrity says that its use was *de minimis*. Third, Integrity argues that collateral estoppel bars Bell from asserting ownership of a registered copyright interest in the Photo. Because the third argument is sufficient to decide the case, the Court does not reach Integrity's first two grounds for summary judgment.

Collateral estoppel—also known as issue preclusion—generally applies when four conditions are met: (1) "the issue sought to be precluded must be the same as that involved in the prior action," (2) "the issue must have been actually litigated," (3) "the determination of the issue must have been essential to the final judgment," and (4) "the party against whom estoppel is invoked must be fully represented in the prior action." *Waagner v. United States*, 971 F.3d 647, 657 (7th Cir. 2020) (citing *Klingman*

3

*v. Levinson*, 831 F.2d 1292, 1295 (7th Cir. 1987)).  "When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated . . . ."  RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. d (1982).  A court's determination of an issue is final for purposes of collateral estoppel when it is "immune, as a practical matter, to reversal or amendment."  *Miller Brewing Co. v. Joseph Schlitz Brewing Co.*, 605 F.2d 990, 996 (7th Cir. 1979).  District courts have "broad discretion" on whether to apply issue preclusion.  *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979).

Integrity urges the Court to give issue-preclusive effect to the jury's finding that Bell did not own a registered copyright in the Photo in *Bell v. Carmen Commercial Real Estate Services*, Case No. 1:16-cv-01174-JRS-MPB (S.D. Ind. Sept. 24, 2019) (jury verdict).  The verdict form there read, "Do you find . . . by a preponderance of the evidence that Richard N. Bell authored the Indianapolis Skyline Photo, that he owns a copyright in it, and that he registered it with the Copyright Office?"  The jury marked "No" in response, and final judgment issued in favor of the defendant.

All four elements of collateral estoppel are met here.  First, the same issue is at play in this case as in *Carmen*.  *Carmen* resolved ownership of a registered copyright interest against Bell, but Bell nevertheless now asserts the opposite position as to the same photograph in another copyright infringement claim.  Second, Bell's ownership of a registered copyright interest in the Photo was actually litigated in *Carmen*.  *See* RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. d (1982) ("An issue may be submitted and determined . . . on a judgment entered on a verdict.").  Third, no one can

4

contest that a jury verdict is a final judgment. And, fourth, the docket in *Carmen* reveals that Bell was fully represented at all relevant times.

Bell does not address any of the elements of issue preclusion, apparently conceding that each element is fulfilled as to *Carmen*. Instead, he points to three decisions that, contrary to *Carmen*, found that Bell owned a valid copyright in the Photo: (1) *Bell v. Texas Haus Investments, LLC*, No. 16-CV-726-A (N.D. Tex. Sept. 25, 2017); (2) *Bell v. Maloney*, No. 1:16-cv-01193 (S.D. Ind. May 23, 2019), (*see* ECF No. 86-6); and (3) *Bell v. Taylor*, No. 1:13-CV-00798-TWP-DKL, 2014 WL 4250110 (S.D. Ind. Aug. 26, 2014). Bell says that issue preclusion based on *Carmen* is inappropriate given those inconsistent prior judgments; he even goes on the offensive, arguing that the Court should apply collateral estoppel based on the pre-*Carmen* judgments to prevent Integrity from contesting Bell's ownership of the Photo. But offensive uses of collateral estoppel are prohibited against defendants who were not parties or privies to the previous litigation. *See Parklane*, 439 U.S. at 327 n.7 ("It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard.") (citations omitted). In contrast, Bell was of course the plaintiff in *Carmen*, and holding Bell to that case's verdict is not unfair.

The question before the Court, then, is whether *Carmen* collaterally estops Bell from arguing that he owns a registered copyright interest in the Photo when earlier decisions have made inconsistent findings. "When in two actions inconsistent final judgments are rendered, it is the later, not the earlier, judgment that is accorded conclusive effect in a third action under the rules of res judicata." RESTATEMENT

5

(SECOND) OF JUDGMENTS § 15 (1982). This last-in-time rule is "supported by the rationale that it ends the chain of relitigation by stopping it where it stands after entry of the most recent court's judgment, and thereby discourages relitigation in yet another court." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 327 (9th Cir. 1988); *see also Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1530 ("The decision is not binding because it is correct; it is binding because it is last."). The last-in-time rule "is based not only upon principles of comity and the need for finality, but upon the obligation of the litigants to exercise all due diligence in the full and forthright presentation of their controversy." *First Tenn. Bank N.A. Memphis v. Smith*, 766 F.2d 255, 259 (6th Cir. 1985). At least one court has applied the last-in-time rule in circumstances very similar to here. *See Droplets, Inc. v. Yahoo! Inc.*, No. 12-CV-03733-JST, 2019 WL 5781915, at *6 (N.D. Cal. Oct. 15, 2019) (applying last-in-time rule against plaintiff in context of defensive non-mutual issue preclusion in consecutive patent infringement case involving different defendant).

Bell argues that the rule is the other way around—the first judgment to decide an issue controls later cases for issue-preclusion purposes, he says. Unfortunately, the authorities Bell cites in support of that proposition are irrelevant cases that discuss, *inter alia*, the power of a federal court to enjoin a later-filed federal action between the same parties litigating the same issues, *see Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993); *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n.2 (8th Cir. 1999); *Illinois Blower, Inc. v. Deltak, L.L.C.*, No. 04 C 0341, 2004 WL 765187, at *2 (N.D. Ill. Apr. 7, 2004), and *Colorado River* abstention, *see*

*Univ. of Md. at Balt. v. Peat Marwick Main & Co.*, 923 F.2d 265, 276 (3d Cir. 1991). Neither line of doctrine pertains to this case—this case does not involve the same parties and claims as any ongoing previously-filed case; nor does it concern parallel litigation in state and federal court.

Following the last-in-time rule rather than Bell's conjecture, the Court finds that the issue-preclusive effect of *Carmen* is clear because *Carmen* postdates any cases finding for Bell. Bell cannot now relitigate the issue of whether he owns a valid registered copyright in the Photo after the jury in *Carmen* found that he does not. This outcome is consistent with at least two other cases that have afforded *Carmen* issue-preclusive effect on the point of Bell's ownership of a registered copyright interest in the Photo. *See Bell v. Davis*, 430 F. Supp. 3d 718, 724 (D. Or. 2019) (dismissing Bell's copyright infringement claim because of the issue-preclusive effect of the *Carmen* verdict); *Bell v. Gateway Blend, LLC*, No. 19-CV-1320-RWS, 2020 WL 5107240, at *3 (E.D. Mo. Aug. 31, 2020) (same).

It follows that Bell's claim for copyright infringement fails, as he cannot prove its first element: ownership of a valid copyright. *See JCW Invs., Inc.*, 482 F.3d at 914. Accordingly, Integrity is entitled to judgment as a matter of law.

### IV.  Conclusion

Integrity's motion for summary judgment, (ECF No. 81), is **granted**. Final judgment will issue in a separate order.

**SO ORDERED**.

Date: 4/5/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to registered parties via CM/ECF.