UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-01162-JRS-MG |
| ) | |
| INTEGRITY WHOLESALE FURNITURE, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

**Order on Motion for Attorneys' Fees**

In 2018, Plaintiff Richard N. Bell commenced this action, alleging copyright infringement in violation of 17 U.S.C. § 106. In May of that year, Bell amended his complaint, adding as a defendant Integrity Wholesale Furniture, LLC ("Integrity"). Bell alleged that Integrity misappropriated a daytime photo of the Indianapolis skyline that Bell took (the "Photo"). In April 2021, the Court granted Integrity summary judgment, concluding that collateral estoppel bars Bell from asserting ownership of a registered copyright interest in the Photo. The Court gave issue-preclusive effect to the jury's finding in *Bell v. Carmen Commercial Real Estate Services*, Case No. 1:16-cv-01174-JRS-MPB (S.D. Ind. Sept. 24, 2019), another of Bell's cases, that Bell did not own a registered copyright in the Photo. Therefore, the Court concluded in this action that Bell could not prove ownership of a valid copyright and his claim for copyright infringement failed as a matter of law. *See JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). (*See* Order on Def.'s Mot. for

1

Summ. J., ECF No. 91.) Judgment was entered, (ECF No. 92), and Bell appealed, (ECF No. 96), which appeal has since been dismissed because Bell lacked authority to file the appeal because his claim was then the property of the bankruptcy estate. (7th Cir. Order, 2/23/2022, ECF No. 128-3.)

In April 2021, Integrity filed its Motion for Bill of Costs, Including Attorneys' Fees ("Motion for Attorneys' Fees"), (ECF No. 100), though Integrity seeks only fees, no costs. In a copyright action, such as this, "the court in its discretion may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. A prevailing defendant in a copyright case is presumptively entitled to recover attorney fees. *Assessment Techs. of WI, LLC v. WIREdata, Inc.,* 361 F.3d 434, 436–37 (7th Cir. 2004) ("the presumption in favor of awarding fees is very strong").

In May 2021, Bell moved to stay the Motion for Attorneys' Fees and filed a Notice of Bankruptcy, (ECF No. 107), indicating that he had filed a Voluntary Petition for Individuals Filing for Bankruptcy under Chapter 7 of the Bankruptcy Code on October 27, 2020, in Case No. 20-05958-JMC-1 (Bankr. S.D. Ind.). On January 5, 2022, in a one-page Order, citing 11 U.S.C. § 362(a) but no case law, the Court denied Bell's motion to stay. (ECF No. 113.) The Court concluded that Bell brought this action against Integrity, and Integrity did not have a claim for fees until the Court granted summary judgment in Integrity's favor, which occurred after Bell had filed his bankruptcy petition. The Motion for Attorneys' Fees has been fully briefed. The Court decides as follows.

Integrity, as the prevailing party, seeks an award of attorneys' fees incurred in defending this action. Bell objects to an award of fees, arguing that 90% of the fees were incurred before he filed his bankruptcy petition and are therefore subject to the automatic stay of 11 U.S.C. § 362. He also argues that any claim for fees incurred before the bankruptcy filing violates the bankruptcy court's automatic stay and any such claim is a claim in the Bankruptcy Estate.

A bankruptcy petition "operates as a stay . . . of . . . any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy] case." 11 U.S.C. § 362(a)(6). "The 'automatic stay' is a statutory injunction against efforts outside of bankruptcy to collect debts from a debtor who is under the protection of the bankruptcy court." *Saint Catherine Hosp. of Ind., LLC v. Ind. Fam. & Soc. Servs. Admin.*, 800 F.3d 312, 315 (7th Cir. 2015). Under the Bankruptcy Code, a "claim" is any "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." *Id.* (citing 11 U.S.C. § 101(5)(A)).

Because Bell filed a bankruptcy petition, the issue is whether Integrity's claim to a right to payment of attorneys' fees arose pre- or post-petition. The Court previously denied Bell's request for a stay of the Motion for Attorneys' Fees, concluding that Integrity did not have a claim for fees until the Court granted summary judgment in Integrity's favor, which occurred post-petition. (ECF No. 113.) However, the Court's one-page order merely cited the statutory text and reached this conclusion without

any analysis or citation to caselaw. And that conclusion was erroneous, as explained below.

Integrity argues that the Court's prior order is the law of the case. But "of course district courts have the power to correct their own missteps," *Continental Vineyard, LLC v. Vinifera Wine Co., LLC*, 973 F.3d 747, 759 (7th Cir. 2020), and "the law-of-the-case doctrine does not prevent a district court from exercising its discretion to reconsider earlier interlocutory orders," *id.* Integrity offers no authority or analysis to counter Bell's argument that the claim for fees incurred pre-petition violates the automatic stay. The Court in its discretion now reconsiders its earlier Order and corrects its prior error.

To determine when a claim arose for purposes of the Bankruptcy Code, the Seventh Circuit applies the "conduct test," under which "the date of a claim is determined by the date of the conduct giving rise to the claim." *Saint Catherine Hosp.*, 800 F.3d at 315–16. Because this test "includes both contingent and unmatured claims, it is thought to be in accordance with the broad definitions of 'debt' and 'claim' in the Code." *Id.* at 315. "A 'contingent' claim is one conditioned upon some future event that is uncertain" and "may or may not happen after the filing of a bankruptcy petition." *Id.* at 317. Generally, courts find that a claim arose "at the earliest point possible" to further bankruptcy's policy goals by allowing the "bankruptcy court to bring before it as many claims against the debtor as possible, and from there to 'equitably distribute property [among the creditors] and assure the debtor a fresh start.'" *Saint Catherine Hosp.*, 800 F.3d at 317–18 (citing *In re Chicago,*

4

*Milwaukee, St. Paul & Pac. R. Co.,* 974 F.2d 775, 782 (7th Cir. 1992)); *see also Pennsylvania Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 558 (1990) (quoting H.R. Rep. No. 95-595, at 309 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6266) (describing the definition of a "claim" as "expansive" and noting that the Bankruptcy Code "contemplates that all legal obligations of the debtor . . . will be able to be dealt with in the bankruptcy case").

Integrity's claim for attorneys' fees was contingent on this Court finding in favor of Integrity on Bell's copyright infringement claim, which occurred when the Court granted Integrity summary judgment, post-petition. However, the date of that contingency is not the date on which Integrity's fee claim arose.

Because a reasonable attorney's fee may be awarded to the prevailing party in a copyright infringement case, 17 U.S.C. § 505, an award of fees was an inherent aspect of the defense of Bell's copyright infringement claim. Integrity would have no claim to attorneys' fees had Bell not brought this action. Thus, Bell's filing this action in 2018 gave rise to Integrity's claim for attorneys' fees. *See, e.g., Bell v. Ruben*, No. 12 C 8311, 2013 WL 6211743, at *8–*11 (N.D. Ill. Nov. 26, 2013) (recognizing that a post-petition attorney fee award can be a pre-petition obligation because it arose from a claim based on pre-petition conduct), *aff'd*, 774 F.3d 1138 (7th Cir. 2014); *In re Kirkpatrick*, 216 B.R. 663, 665–66 (Bankr. M.D. Fla. 1997) (holding claim for attorney's fees was pre-petition because "but for the [d]ebtor filing the suit, which happened to be pre-petition, no attorney's fees would have been made"). The Court therefore finds that Integrity's fee claim arose in 2018, *see Saint Catherine Hosp.*, 800

F.3d at 315–16, pre-petition. As a result, the Court determines that Integrity's claim to attorneys' fees is a pre-petition claim and subject to the automatic stay. And this conclusion applies to Integrity's claim to fees regardless of when such fees were incurred.[1]

Integrity's reply brief argues that even if the automatic stay applied, the stay terminated on December 30, 2021, when the bankruptcy court granted Bell a discharge. (Reply 3, ECF No. 128.) Integrity is right, but there's more to it than the end of the stay. In a Chapter 7 bankruptcy case, the entry of a discharge order terminates the automatic stay and replaces the stay with a discharge injunction. 11 U.S.C. § 524. The discharge injunction "precludes actions that seek to establish or collect personal liability on a prepetition debt." *In re Henricks*, 632 B.R. 744, 765–66 (Bankr. W.D. Wis. 2021) (citing *In re Taylor*, 793 F.3d 814 (7th Cir. 2015)). The "meanings of 'debt' and 'claim' [are] coextensive." *Pa. Dep't of Pub. Welfare*, 495 U.S. at 558. While the bankruptcy court's discharge order, (*see* ECF No. 128-1), ended the automatic stay, the discharge injunction has kicked in and precludes Integrity's effort to seek an award of fees based on a pre-petition claim to attorneys' fees.

---

[1] When Bell filed his Motion to Stay Proceedings, (ECF No. 105), he argued that his filing of a Voluntary Petition for bankruptcy operates as a stay of this entire action. While Bell argues that fees incurred pre-petition are subject to the automatic stay but does not make that argument as to post-petition fees, (*see* Pl.'s Resp. Integrity's Mot. for Attorneys' Fees, ECF No. 126), the Court does not deem Bell to have waived the argument as to post-petition fees. Bell's response was filed after the Court ruled that Integrity did not have a claim for fees until summary judgment was granted. Bell had little reason to suppose that the Court would reverse course and conclude that fees incurred post-petition were subject to the stay.

## Conclusion

Therefore, the Court finds that Integrity's Motion for Attorneys' Fees, (ECF No. 100), should be, and hereby is, **denied**.

**SO ORDERED.**

Date: 3/28/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

By CM/ECF to registered counsel of record